## CRAWFORD CLAY V. THE STATE.

On the trial of one jointly indicted with others for theft, if it appear that the value of the property taken by all was sufficient to make the theft a felony, it is not necessary for the State to show how much in value was taken by either one of the individuals jointly indicted.

APPEAL from Montgomery.  Tried below before the Hon. James Masterson.

*W. S. Billups*, for appellant.

*Geo. Clark*, *Attorney-General*, for the State.

ROBERTS, CHIEF JUSTICE.— The defendant, indicted with two others, was charged with stealing thirty-four pieces of bacon, the whole valued at one hundred and twenty-five dollars, from the smoke house of F. M. Thomason.

It was proved by Thomason, that on a Saturday night, about the time charged in the indictment, the bacon was stolen from his smoke house, about in quantity and value as charged ; that on the next morning he discovered that a hole had been made in the gable end of the smoke house, and that by the grease and shucks in the cracks of the house he discovered that the meat had been passed through the cracks of the house ; that in the smoke house he saw the barefoot track of defendant, which he knew ; the pieces of bacon weighed about twenty pounds each, worth 15½ cents per pound.

By Dick Shackelford it was proved, that in going towards the smoke house the night of the theft, he saw near it the three persons named in the indictment, each with a piece of meat, which one of them said, in the presence of the others, they had taken out of the smoke house.

The defendant's counsel asked the witness if he was not connected with the stealing. The district attorney objected to the question, as tending to criminate the witness. The court sustained the objection. To this ruling there was no exception, nor was it made a ground in the motion for new trial, nor was it assigned as error until the case was brought into this court. There was no evidence in the case that the witness was a participant in the theft.

The charge of the court was not unfavorable to the defendant. Amongst other charges, indicating the difference between theft as a felony and theft as a misdemeanor, according to value of the property stolen, the court charged the jury as follows: " If the evidence satisfies you that the defendant on trial, either alone or in conjunction with others jointly indicted, did steal the bacon as alleged in the bill of indictment, you may find the defendant guilty of stealing the whole. It is not essential that the State should, after establishing to the satisfaction of the jury that defendant and others jointly indicted did

steal the articles charged, show how much in value either one of the individuals jointly indicted did so steal."

And again: "The evidence of a confederate in crime is to be scrutinized by the jury; but if after careful scrutiny the jury are satisfied from the evidence of the guilt of the defendant on trial, then convict; otherwise, acquit."

The objections made to the conviction of the defendant all relate to the alleged error of the above quoted charges as applicable to the facts proved on the trial.   In answer to these it may be said that the one first quoted is correct; and the second one was unnecessary, and did not prejudice the defendant, there being no proof that the witness was an accomplice or confederate in the crime; and there was no exception taken to the ruling of the court in sustaining the objection to a question asked by defendant's counsel to elicit that fact.

There was no charge asked by the defendant's counsel, and there was no charge given by the court (why, does not appear) in relation to theft from a house.

The evidence fully sustained the charge, and the charge of the court correctly presented the law as to felonious theft, committed either by one or by three persons, indicted together and acting in conjunction in committing the offense, and might have been given more strongly against the defendant by charging as to theft from a house, and of which defendant cannot complain.

AFFIRMED.